

**EVAN H. KRINICK**
PARTNER
(516) 357-3483
evan.krinick@rivkin.com

March 14, 2008

**VIA ECF TRANSMISSION**

Hon. Frederic Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   John McGee v. State Farm Mutual Automobile Insurance
      Company, et. al. 08-CV-392 (FB) (CLP)

Dear Judge Block:

Along with Katten LLP, we represent defendant State Farm Mutual Automobile Insurance Company ("State Farm") in the above-referenced action. Pursuant to this Court's individual rules, we submit this letter to request permission to file a motion to dismiss the complaint of plaintiff John McGee, M.D.'s ("Dr. McGee") insofar as asserted against State Farm.[1]

Dr. McGee's complaint makes four claims against State Farm for substantive racketeering ("RICO"), common law fraud, bad faith and breach of contract.  These claims should be dismissed for the following reasons:

-- Neither the RICO nor the fraud claim are pled with the specificity required by Rule 9(b);
-- The RICO and fraud claims are predicated on an alleged breach of contract;
-- The RICO and common law fraud claims do not and cannot allege that Dr. McGee reasonably relied upon and was damaged by any purported misrepresentations;
--  The RICO claim improperly alleges that State Farm is both the defendant and the enterprise;

---

[1]     Dr. McGee's complaint also names as defendants a number of individual physicians, chiropractors, acupuncturists, and two corporations which the complaint contends are engaged in the business of "appointing Independent/Insured Medical Examination" to State Farm.

926 RexCorp Plaza
Uniondale, NY
11556-0926
Tel:516.357.3000
Fax:516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street
Court Plaza South • West Wing
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495

www.rivkinradler.com

# RIVKINRADLER℠
ATTORNEYS AT LAW

Hon. Frederic Block
March 14, 2008
Page 2

         -- The complaint fails to meet the pleading requirements of Rule 8 for a number of reasons, including that Dr. McGee fails to allege any facts to establish his staniding as an assignee of any State Farm insured who sought benefits; and

         -- New York does not recognize a bad faith claim arising out of an alleged breach of contract.

## A.       Dr. McGee's Purported RICO Claims are Deficient. [2]

As a threshold matter, Dr. McGee's RICO claims – which provide the only independent basis for federal jurisdiction over this action – are not pled with the specificity required under Rule 9(b). This Court generally has held that "Fed. R. Civ. P. 9(b)'s heightened pleading requirement governs civil RICO complaints alleging predicate acts of mail fraud, wire fraud, and bank fraud." Wiltshire v. Dhanraj, 421 F. Supp. 2d 544 at n.4 (E.D.N.Y. 2005). "Rule 9(b) states that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' and applies to allegations of mail or wire fraud alleged as predicate acts in a RICO complaint." United States v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 479 (E.D.N.Y. 2007). To satisfy Rule 9(b)'s particularity requirement, "an allegation of fraud typically must specify: (1) the statements the plaintiff believes were fraudulent; (2) the speaker(s); (3) where and when the statements were made; and (4) why the plaintiff believes they were fraudulent." SEC v. Aragon Capital Mgmt., L.L.C., 2008 U.S. Dist. LEXIS 3786 at * 8 (S.D.N.Y. 2008). In addition, in alleging mail fraud, the complaint must specify the content of the items mailed and specify how each of the items was false and misleading. Mathon v. Feldstein, 303 F. Supp. 2d 317, 323 (E.D.N.Y. 2004); Bernstein v. Misk, 948 F. Supp. 228, 239 (E.D.N.Y. 1997). Dr. McGee's complaint meets none of these requirements.

Dr. McGee is unable to specifically plead a RICO mail fraud claim because his claims, to the extent that he has any, are essentially claims for breach of contract. Even assuming that Dr. McGee's complaint established his standing to bring this action – and it does not – a breach of contract claim does not state a claim for fraud, and therefore cannot be used to support a RICO claim based on the predicate acts of mail or wire fraud. See, generally, Guilbert v. Gardner, 480 F.3d 140, 148 (2d Cir. 2007) ; Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996)

In addition, Dr. McGee's RICO claims are subject to dismissal because Dr. McGee has failed to allege any particular damages caused by the purported RICO violation. See Denney v. Deutsche Bank

---

[2]       Dr. McGee's common law fraud claims are subject to dismissal for the same reasons that his RICO claims alleging predicate RICO acts of mail and wire fraud should be dismissed.

**RIVKINRADLER**
ATTORNEYS AT LAW

Hon. Frederic Block
March 14, 2008
Page 3

AG, 443 F.3d 253, 266 (2d Cir. 2006). Indeed, even if Dr. McGee could show an injury, his RICO claim still would fail because he has not pled reasonable reliance on any State Farm misrepresentation. See Bank of China v. NBM LLC, 359 F.3d 171, 178 (2d Cir. 2004). Moreover, Dr. McGee's RICO claim against State Farm should be dismissed because it fails to allege that the RICO person (purportedly State Farm) is distinct from the RICO enterprise (also purportedly State Farm). See Defazio v. Wallis, 500 F. Supp. 2d 197, 209 (E.D.N.Y. 2007); Lukaszuk v. Sudeen, 2007 U.S. Dist. LEXIS 95919 at * 12 (E.D.N.Y. 2007). Likewise, Dr. McGee's RICO claim should be dismissed because it fails to allege any specific racketeering activity at all, let alone the required pattern. See Hoatson v. N.Y. Archdiocese, 2007 U.S. Dist. LEXIS 9406 at *15, *33 (S.D.N.Y. 2007)

**B.     Dr. McGee's Complaint Does Not Meet the Pleading Requirements of Fed. R. Civ. P. 8(a).**

Dr. McGee's complaint also fails to meet Rule 8(a) standards. In Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007), the Supreme Court established that – to comport with Rule 8(a) – a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." See also Ruotolo v. City of New York, 2008 U.S. App. LEXIS 2551 at * 8 (2d Cir. 2008) (same). Here, Dr. McGee (1) does not establish his standing (he does not identify any assignments or attach them to his complaint); (2) does not set forth facts to support any conspiracy or agreement among any defendants; (3) does not identify any of the purportedly fraudulent IME Reports in any manner; (4) does not provide complete claim denial forms, so there is no way to determine whether the denials support any of the conclusory allegations in the complaint; (5) does not identify the nature or any specific instance of any alleged reliance on the IME Reports; and (6) does not identify any basis to support his purported damages in excess of one million dollars. Accordingly, he has not met his burden to set forth facts "plausibly suggesting (not merely consistent with), liability." Williams v. Berkshire Fin. Group, Inc., 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007) (internal quotations and citations omitted).

**C.     Dr. McGee's Breach of Contract and Bad Faith Claims also are Deficient.**

Dr. McGee cannot plead both a breach of contract claim and a breach of the covenant of good faith and fair dealing based upon the same facts. See Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2004). Furthermore, considering that Dr. McGee has not established any standing to sue for breach of contract, he cannot assert that State Farm owes him any contractually-derived duty of good faith or fair dealing. See Witherspoon v. Rappaport, 65 Fed. Appx. 356, 359 (2d Cir. 2003).



Hon. Frederic Block
March 14, 2008
Page 4

Accordingly, State Farm respectfully requests permission to file a motion to dismiss the complaint.

Very truly yours,

RIVKIN RADLER LLP

Evan H. Krinick
*Co-Counsel for Defendant State Farm Mutual*
*Automobile Insurance Company*

cc:   Ross Silverman, Esq.
      All counsel of record